The court submitted the following issues:
1. Were the goods purchased for the purpose of being used in (597) the construction of a railroad; and, if so, did plaintiffs know of such purpose at time of purchase?
2. Were said goods ever delivered to the Piedmont Lumber, Ranch and Mining Company?
3. Are the defendants indebted to the plaintiffs, as alleged in the complaint? *Page 422 
(601) The jury found in response to the first issue, "No," and in response to the second issue, "Yes," and did not answer the third issue. The verdict was, by consent, received by the clerk after the adjournment recess of court late in the evening of 24 March for the day and recorded by the clerk as rendered.
On the next morning, when the court assembled pursuant to adjournment, his Honor being informed that the jury had failed to answer the third issue by reason of a misunderstanding, allowed the jury to be recalled (after they had separated) under objection by counsel for defendant corporation. The jury stated to his Honor that they had understood that it was not necessary for them to answer the third issue.
The defendants' counsel objected, stating that the jury had (602) separated the evening before, after returning their verdict, and it was now too late. His Honor inquired of the jury whether they had agreed upon an answer to the third issue before separating in the evening, and all being present they answered that they had agreed, but had not written the answer to this issue because they thought it unnecessary.
(603) These statements were made by the jury in response to questions from his Honor and from the defendants' counsel.
The court found, as a fact, that according to the statement of the jury they had not been influenced by anything said to them after they had separated.
Thereupon his Honor told the jury to retire and answer the third issue.
Thereupon the jury retired, and the defendant corporation excepted to the ruling of the court in permitting them to consider further of their verdict, or to retire and answer the third issue after having separated.
The jury found, in response to the first issue, "The goods were purchased for constructing a railroad, but plaintiffs did not know it."
The response to the second issue was not changed, and in response to the third issue the jury answered, "Yes."
To all of which the defendant corporation excepted.
And thereupon judgment was rendered by the court in favor of the plaintiffs upon the verdict. The defendants thereupon again called up their motion to vacate and dissolve the attachment, which the (604) court disallowed. Defendant corporation appealed.
The appeal from the refusal to dismiss the action was held premature in this case, 111 N.C. 528. But the exception having been noted, now comes up for review without prejudice on this appeal from the final judgment.Guilford v. Georgia Co., 109 N.C. 310.
It was admitted that the summons had been served on the agent of the defendant corporation 23 February, 1892, but the return of the sheriff was unsigned, though endorsed in proper form on the summons. The judge did not exceed his powers, but exercised them properly in permitting the sheriff to sign the return nunc pro tunc. Clark v. Hellen, 23 N.C. 421; Henderson v.Graham, 84 N.C. 496; Walters v. Moore, 90 N.C. 41; Williams v. Weaver,101 N.C. 1. Indeed, the sheriff had of right till the first day of that term to make the return. The Code, sec. 200. So far as the attachment is considered as the basis of a publication to bring the defendants into court, it is unnecessary to consider whether it was regularly sued out or not, as to the defendant corporation, since the summons was served on its agent. The Code, sec. 217 (1). Nor as to the defendant Martin, for he submitted to the verdict and judgment and has not appealed.
The affidavit to procure publication of summons must contain an averment that the defendant "cannot, after due diligence, be found within this State." The Code, sec. 218. But this is not required for an attachment. The Code, sec. 349. It is because attachments are rarely issued, except against nonresidents, for whom (605) publication must be made, that the two requirements are often confused. It is not requisite, and therefore need not be averred, that the defendant cannot be found in the State in order to procure a warrant of attachment. The headnote in Sheldon v. Kivett, 110 N.C. 408, is misleading. It was the order of publication which was there amended. In fact, in some instances, as in the present, an attachment may issue against a resident of the State or a domestic corporation. Even had the motion to dismiss the attachment been improperly refused in this case, merely the judgment in that respect would have been modified. Being an ancillary remedy, this would not have affected the regularity of the proceedings and verdict, nor of the judgment in other respects.
The issues tendered by the defendants were preferable to those actually submitted, but the defendants suffered no prejudice, as every phase of their case could have been and was submitted to the jury. Humphrey v.Church, 109 N.C. 132, and cases there cited.
The defense set up in the answer that the contract was invalid as to defendant corporation, under The Code, sec. 683, because not in writing, is not good, because it is an executed and not an executory contract. Curtisv. Piedmont, 109 N.C. 401; Roberts v. Woodworking Co., 111 N.C. 432. This section (683) was repealed by the Legislature of 1893. *Page 424 
As to this appellant, certainly the judge properly held that the cause stood for trial at Spring Term, 1893. The other defendant is not complaining. This defendant was not a nonresident, but a domestic corporation, and the affidavit for publication, 1 February, 1893, against the other defendant, Martin, by the recital therein that there was then no agent of the appellant corporation in this State, does (606) annul the sheriff's return, and the admission of service upon the agent of such corporation nearly a year before, on 23 February, 1892.
The principal contention on the merits is that the defendant corporation did not buy the goods, but that they were bought by Martin for a railroad company; and further, if bought for this company, it was not bound, because the goods were railroad supplies, and this company could not act ultravires. As to the first proposition, the jury found the fact that the goods were bought by and delivered to the defendant corporation. As to the second proposition, the company would certainly have been acting ultra vires had it attempted to build or operate a railroad, but it by no means follows that it would not be liable for railroad supplies if purchased or used by it. It would scarcely be absolved from liability for goods actually bought by it on the ground that it did not need them. But we need not decide this point, for the goods in question — powder, dynamite, etc. — were not such articles that the seller would have notice that the defendant "Lumber, Ranch and Mining Company" would not have need of them in its business. In fact, it might reasonably be supposed that these articles were to be used in mining, and the jury find as a fact that the plaintiffs had no notice that the goods were to be used for any other purpose.
Mr. Wilson was properly allowed to testify that by authority of the treasurer and general agent of the defendant company he bought these goods of the plaintiff for said company. It is not a forbidden delegation of authority, but frequently a necessary exercise of it, when the chief officer of a corporation purchases articles for his company through an agent. The letters of the said treasurer, written subsequently, were competent evidence to corroborate the witness. This is not the case of an attempt to prove an agency by subsequent admissions of an officer. Here there was direct testimony by Wilson of his purchase of (607) the goods for the defendant company by authority of its treasurer and general manager, and the subsequent correspondence of that officer with the plaintiffs, signing himself treasurer of such company, acknowledging the receipt of goods, paying for same in part, and asking time for further payment, was corroborative as ratification of the action of the purchasing agent. The last letter of the three in evidence was not signed by him as treasurer, but probably was competent in connection *Page 425 
with the other two. At any rate, the exception being a general one as to all three letters, cannot be sustained as to one only. Smiley v. Pearce,98 N.C. 185.
The prayers for instruction, though in writing, were not asked at the close of the evidence, but much later, and were not in apt time, and cannot be considered. Grubbs v. Ins. Co., 108 N.C. 472; Taylor v. Plummer,105 N.C. 56; Posey v. Patton, 109 N.C. 455; Merrill v. Whitmire,110 N.C. 367.
The exception that there was no evidence sufficient to go to the jury cannot be sustained. There was the testimony of Wilson that he bought the goods for the defendant company, and the letter from the treasurer of the same afterwards enclosing part payment and asking time on the balance.
The jury having found the third issue before their separation, it was no error to permit them to assemble again and write it down, especially as the judge finds as a fact that the jury had not been influenced by what had been said to them after their separation. Petty v. Rousseau,94 N.C. 355; S. v. Shelly, 98 N.C. 673. Indeed, it was, if error, immaterial error, for the response to the third issue was a mere legal sequence, upon the pleadings and admissions, to the findings upon the first and second issues. The jury were right in deeming no response thereto necessary, for the answer admitted the purchase of the goods averred in the complaint by Martin, and merely alleged that they were bought by him for another company and not for the (608) defendant corporation.
The amendment to the response to the first issue could not prejudice the appellant. It is in no worse condition in any respect than if the answer to that issue had stood as first made.
Some of the recitals of fact set out by the appellant as his grounds for the motion for a new trial neither appear in the record nor are found as facts by the judge, and of course we cannot consider them.
No ERROR.
Cited: Mullen v. Canal Co., 114 N.C. 10; Alexander v. Alexander,120 N.C. 473; Hahn v. Heath, 127 N.C. 28; Moore v. Palmer, 132 N.C. 976;Hart v. Cannon, 133 N.C. 13; Craddock v. Barnes, 142 N.C. 99; Tillettv. R. R., 166 N.C. 521; Zageir v. Express Co., 171 N.C. 696; Grove v.Baker, 174 N.C. 748; S. v. Lewis, 177 N.C. 557. *Page 426