## INTERNATIONAL TEXT-BOOK CO. v. HEARTT.

### (Circuit Court of Appeals, Fourth Circuit. February 21, 1905.)

### No. 558.

1. FEDERAL COURTS—REMOVAL OF CAUSE—APPEARANCE.

The filing of a petition for removal of a cause to the proper Circuit Court of the United States in a state court, where the action is pending, amounts to a special appearance by defendant in the state court only, and does not, therefore, prevent it, after removal, from moving in the federal court to dismiss the action for want of jurisdiction of defendant's person, either in the state or federal court.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appearance, §§ 50, 89; vol. 42, Cent. Dig. Removal of Causes, § 238.]

2. SAME—PROCESS—SERVICE.

Where two corporations originally joined as defendants were separately organized, had different officials, and their interests were dissimilar, service of process on an individual as agent of one of the corporations, which he did not represent in any manner, was insufficient to confer jurisdiction over such corporation or the other corporate defendant, which he did in fact represent.

3. SAME—CORPORATIONS—REPORTS OF AGENT—SLANDER—CORPORATE LIABILITY.

Where, in an action against a corporation for slanderous words spoken by its agent with reference to an alleged embezzlement by plaintiff, it appeared that the slander was uttered by the agent after he had left plaintiff's presence and gone to another locality, where he was not engaged in the performance of any duty under the terms of his employment, which was expressly limited by contract, and alleged in the com plaint as only extending to the "checking up of accounts," the corporation was not liable therefor.

4. SAME—DIRECTION OF VERDICT.

It is the duty of the court to direct a verdict for either party where the evidence is undisputed, or the proof is of such conclusive character that the court, in the exercise of its judicial discretion, would be compelled to set aside a verdict if one should be returned in opposition to the one directed.

In Error to the Circuit Court of the United States for the Eastern District of North Carolina.

John W. Hinsdale and David C. Harrington, for plaintiff in error.

J. C. L. Harris (Armistead Jones and William B. Jones, on the briefs), for defendant in error.

Before GOFF and PRITCHARD, Circuit Judges, and BRAWLEY, District Judge.

GOFF, Circuit Judge. The defendant in error instituted this suit at law in the superior court of Wake county, N. C., against the International Text-Book Company, proprietors of the International Correspondence Schools; the Colliery Engineer Company, proprietors of the International Correspondence Schools; the International Correspondence Schools; the International Text-Book Company; and the Colliery Engineer Company—to recover damages for slanderous words said to have been spoken by one J. Stearns, who was alleged to have been an agent of said defendants.

A special appearance was entered in the superior court of Wake county by counsel for the defendants for the sole purpose of removing the case from that court to the United States Circuit Court for the Eastern District of North Carolina, the question of the proper service of the summons being expressly reserved. After the filing of the record in the Circuit Court of the United States, a special appearance was entered by the defendants for the sole purpose of moving to dismiss the suit.

The Colliery Engineer Company was incorporated in 1890 as a printing and publishing company, a part of its business being to teach by correspondence through the mails of the United States. In September, 1901, the charter of that company was duly amended, and its name was changed to the International Text-Book Company, and during the same month the International Correspondence Schools was incorporated. These corporations were chartered and organized under the provisions of the laws of the state of Pennsylvania, the principal office of each being in the city of Scranton, in that state. The defendant in error, the plaintiff below, in his original complaint alleged that he was one of the agents of the defendants at Raleigh, N. C., having been appointed in the month of May, 1901, and relieved in August of that year. He also alleged that one J. Stearns was a duly appointed supervisor of the Washington district of said defendants, which embraced the state of North Carolina, and that as such official it was his duty, among other things, to check up the accounts of plaintiff, and that as such agent, and while in the discharge of his duty as such, intending to injure and defame the plaintiff, did, in the presence and hearing of various persons, falsely, maliciously, and slanderously utter and publish of and concerning said plaintiff certain false, slanderous, and defamatory words, to his great damage. The original and a copy of the summons were placed in the hands of an officer for service, and he made return that he served the same by "reading it and delivering a copy of it to W. R. Stark, agent of the International Correspondence Schools." The defendants appeared specially in the court below, and moved to dismiss the suit because the summons had not been served on Stark as an agent of the International Text-Book Company, but on him as the agent of the International Correspondence Schools, and, he not being the agent of said last-mentioned company, neither defendant was served. The motion was overruled, and such action of the court is one of the assignments of error presented for our consideration. The defendants then entered a general appearance, and filed a demurrer to the complaint, which the court overruled, at the same time entering an order directing that the complaint be amended. The plaintiff below then filed an amended complaint against the International Text-Book Company alone, and in due time the case came on for trial, and was submitted to a jury, which found in favor of the plaintiff, on which verdict judgment was rendered. The other assignments of error relate to the admission and exclusion of evidence and to instructions given and refused by the court during the progress of the trial.

The court below, in refusing to dismiss because of want of service of the process, seems to have reached that conclusion because of the fact that the defendants had appeared in the superior court of Wake county for the purpose of filing the petition for removal. This, we think, was a mistake. Whatever confusion there may have been concerning this point heretofore, it is now well understood that the filing by a defendant, in an action brought in a state court, of a petition for removal to the proper Circuit Court of the United States, does not prevent such defendant, after the case has been removed, from moving in the federal court to dismiss it for want of jurisdiction of the person of such defendant in either the state or federal court. In other words, the filing of a petition for removal does not amount to a general appearance, but to a special appearance only. Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517; Wabash Western Railway v. Brow, 164 U. S. 271, 17 Sup. Ct. 126, 41 L. Ed. 431. The record discloses the fact that the only process issued in this action was served by reading the same and delivering a copy thereof to W. R. Stark, agent of the International Correspondence Schools. The record shows that the amended complaint was filed against the International Text-Book Company, owners of the Colliery Engineer Company. It was stated in an affidavit of the plaintiff below that he had been appointed solicitor collector of the International Correspondence Schools, which corporation it was quite evident is entirely distinct from the Colliery Engineer Company, which, in 1901, changed its name to the International Text-Book Company. It may be true that there was some contractual relationship existing between the International Text-Book Company and the International Correspondence Schools, but that did not dispense with the necessity of summoning the International Text-Book Company in a controversy concerning which both of said corporations were interested. They were separately organized, had different officials, and dissimilar interests. The testimony renders it entirely clear that W. R. Stark was not the agent of the International Correspondence Schools, but that he was the agent of the International Text-Book Company, and yet he was served with process only as the agent of the International Correspondence Schools. It follows, therefore, that, as the summons was not served on Stark as the agent of the International Text-Book Company, but on him as the agent of the International Correspondence Schools—he not being the agent of the last-mentioned company—neither company was served. We think that the motion to dismiss for want of service of process should have been granted.

We deem it best to refer to another of the assignments of error, in order that the direction with which we remand this case may be fully understood. At the conclusion of the evidence, and before the jury retired, the defendant moved the court to direct a verdict in its favor, which motion was overruled. In disposing of the questions raised by this action of the court, it will not be necessary to set forth all of the testimony before the jury, for a statement showing what was not proven will be sufficient to show whether

or not such direction should have been given. There was no evidence tending to prove that the defendant had authorized, either expressly or impliedly, said Stearns to utter the alleged slanders. There was no evidence showing that such utterance was within the scope of his employment. There was no evidence that the alleged slander was uttered by Stearns while actually employed in the business of his principal. His agency was conceded, but his authority and his duties as such agent were expressed and limited by his contract of employment, which was in evidence. The only duty of Stearns alleged in the complaint was "to check up the accounts" of the plaintiff. It is shown by the testimony that the defendant did not inform Stearns that the plaintiff had embezzled any of its money, and did not know that Stearns had made any such charge until so informed after the institution of this suit. It is quite clear that the words uttered by Stearns were beyond the scope of his employment, and that they were spoken under such circumstances as to render the agent alone responsible. In fact, it appears that the alleged slander was uttered after Stearns had checked up the account of the plaintiff below, after he had left the presence of the plaintiff, and had gone to another locality, where he was not engaged in the performance of any duty under the terms of his employment as such agent. To hold a principal responsible for slanderous words spoken by his agent, it must appear that the latter acted within the scope of his employment, and also that the words were spoken whilst the agent was employed in the actual performance of the duties of his principal. The Supreme Court of the United States, in Washington Gas Light Company v. Lansden, 172 U. S. 534, 19 Sup. Ct. 296, 43 L. Ed. 543, has, in substance, so held. The following cases show the circumstances under which the principles referred to have been applied: United States v. Halberstadt, Fed. Cas. No. 15,276; Pressly v. Mobile & G. R. Co. (C. C.) 15 Fed. 199; Kirby v. Thames & Morsley Ins. Co., Limited (D. C.) 27 Fed. 221. A case quite similar to the one we now have under consideration is Redditt v. Singer Mfg. Co., 124 N. C. 100, 32 S. E. 392. That was an action brought to recover damages because of certain alleged slanderous words spoken by defendant's agents concerning the plaintiff. There was neither allegation nor proof that such words were spoken by the authority of, or with the consent of, the defendant, or that the latter had ever ratified them. The defendant after the close of the plaintiff's evidence moved to dismiss the action on the ground that it was not liable in damages for the alleged slanderous words of its agents. The motion was overruled, and the case on exceptions went to the Supreme Court of North Carolina, which held that there was error in the refusal of the motion to dismiss. See, also, the following cases: Wood v. Goodridge, 52 Am. Dec. 771; Thames Steamboat Co. v. Housatonic R. R. Co., 63 Am. Dec. 154; Andrus v. Howard, 84 Am. Dec. 680. An instructive and interesting case from the Supreme Court of North Carolina, in which the authorities are referred to and explained, is that of S. M. Daniel

v. Atlantic Coast Line Railroad Company (N. C.) 48 S. E. 816, from which we quote:

"It may, then, be gathered from the books as a general rule, which is clearly applicable to the facts of this case, that if the servant, instead of doing that which he is employed to do, does something else which he is not employed to do, the master cannot be said to do it by his servant, and therefore is not responsible for what he does. It is not sufficient that the act showed that he did it with the intent to benefit or to serve the master. It must be something done in attempting to do what the master has employed the servant to do."

See, also, case of Markley v. Snow, 207 Pa. 447, 56 Atl. 999, 64 L. R. A. 685.

We are of the opinion that the court below should have directed the jury to find for the defendant, as in no view of the case would it have been justified in returning a verdict for the plaintiff. Only one inference could have been fairly drawn from the evidence, as there was an utter failure on the part of the plaintiff to prove that the defendant was liable in damages for the slanderous words spoken by its agent. It is well settled that it is the duty of a court to direct a verdict for either the plaintiff or defendant, where the evidence is undisputed, or is of such conclusive character that the court, in the exercise of its judicial discretion, would be compelled to set aside a verdict if one should be returned in opposition to the one directed. That this question is a legal one for the court to decide is shown by the authorities. Phœnix Insurance Company v. Doster, 106 U. S. 30, 1 Sup. Ct. 18, 27 L. Ed. 65; Griggs v. Houston, 104 U. S. 553, 26 L. Ed. 840; Randall v. Baltimore & Ohio Railroad Company, 109 U. S. 478, 3 Sup. Ct. 322, 27 L. Ed. 1003; Anderson County Commissioners v. Beal, 113 U. S. 227, 5 Sup. Ct. 433, 28 L. Ed. 966; Schofield v. Chicago, Milwaukee & St. Paul Railway Company, 114 U. S. 615, 5 Sup. Ct. 1125, 29 L. Ed. 224; Delaware, Lackawanna & Western Railroad Company v. Converse, 139 U. S. 469, 11 Sup. Ct 569, 35 L. Ed. 213; Aerkfetz v. Humphreys, 145 U. S. 418, 12 Sup. Ct. 835, 36 L. Ed. 758; Elliott v. Chicago, M. & St. Paul Railway Company, 150 U. S. 245, 14 Sup. Ct. 85, 37 L. Ed. 1068; Patton v. Texas & Pacific Railway Company, 179 U. S. 658, 21 Sup. Ct. 275, 45 L. Ed. 361; Marande v. Texas & Pacific Railway Company, 184 U. S. 173, 22 Sup. Ct. 340, 46 L. Ed. 487.

There was error in the rendition of the judgment complained of, for which the same will be reversed, and the cause remanded to the court below, with directions to set aside said verdict and dismiss said cause.

Reversed.