## ANDERSON v. WESTERN UNION TELEGRAPH CO.

(District Court, E. D. Arkansas, Jonesboro Division. November 27, 1914.)

1. REMOVAL OF CAUSES (§ 76*)—RIGHT TO REMOVE—DETERMINATION.

   Right of removal of a cause from the state to the federal court must be determined from the facts as they appear from the pleadings at the time the petition and bond are filed.

   [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 133; Dec. Dig. § 76.*]

2. REMOVAL OF CAUSES (§ 76*) — PROCEEDINGS — FEDERAL JURISDICTION — AMOUNT IN CONTROVERSY—AMENDMENT OF COMPLAINT.

   Where plaintiff, having filed a complaint against defendant to recover $5,000 damages, on being served with notice of defendant's intention to remove the cause to the federal court, before the petition and bond for removal were filed, and before the time to answer had expired, or an answer had been filed, amended his complaint by interlineation, reducing his claim below $3,000, as authorized by Kirby's Dig. Ark. § 6143, the cause was no longer within the jurisdiction of the federal court, and was therefore not removable, though plaintiff reduced his ad damnum for the express purpose of preventing the removal.

   [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 133; Dec. Dig. § 76.*]

At Law. Action by W. M. Anderson against the Western Union Telegraph Company. On motion to remand. Sustained.

This action was instituted in a state court to recover damages in the sum of $5,000; the writ being returnable to the fall term of that court, which began on the 19th day of October, 1914. The statutes of the state of Arkansas require a defendant, when served with process 10 days before the commencement of the term, to plead on or before the third day of that term. On the 17th day of October, 1914, the defendant, a nonresident corporation (the plaintiff being a citizen of the state of Arkansas), served notice in writing on the attorney for the plaintiff that on the 19th day of October, 1914, it would file its petition and bond for removal of the cause to the United States District Court for the district in which the cause was then pending, and of which plaintiff was a resident. After service of this notice, but on the same day, and before the petition and bond for removal were filed, and before the defendant had filed its answer, plaintiff, without notice to the defendant, amended his complaint by interlineation, reducing his claim to below $3,000.

Section 6143, Kirby's Digest of the Statutes of Arkansas, provides: "The plaintiff may amend his complaint without leave at any time before an answer is filed, and without prejudice to the proceedings already had."

On the day specified in the notice, and which was within the time the defendant was, under the laws of the state, required to plead, but after the amendment had been made, it filed in the state court its petition and bond for removal, which are in proper form, showing the necessary diversity of citizenship, and that the amount involved was $5,000, disregarding the amend-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ment which reduced the claim. The state court, against the objections of the plaintiff, granted the petition, and, the record having been filed in this court within the time prescribed by section 29 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1095 [Comp. St. 1913, § 1011]), the plaintiff has moved to remand the cause, upon the ground that at the time the petition and bond for removal were filed the amount involved in the action did not exceed in value the sum of $3,000, exclusive of interest and costs.

L. Hunter and J. W. Brawner, both of Piggott, Ark., for plaintiff. R. E. L. Johnson, of Paragould, Ark., for defendant.

TRIEBER, District Judge (after stating the facts as above). As this question has never been determined by any court in a published opinon, no notice of the intention to ask for a removal of a cause having been required before the enactment of the Judicial Code, it is deemed proper, for the guidance of attorneys in this district, until the appellate courts have authoritatively settled it, to file an opinion.

[1] The law as uniformly declared is that the right of removal has to be determined from the facts as they appear from the pleadings at the time the petition and bond are filed (Chicago, B. & Q. Ry. Co. v. Williard, 220 U. S. 413, 426, 31 Sup. Ct. 460, 55 L. Ed. 521), and, if in proper form, the jurisdiction of the state court ceases immediately, except for the purpose of making the order of removal. All subsequent proceedings in the cause by the state court are coram non judice and absolutely void. Flint v. Coffin, 176 Fed. 872, 100 C. C. A. 342; Boatmen's Bank v. Fritzlen, 135 Fed. 650, 653, 68 C. C. A. 288, 291, and authorities there cited (approved in Fritzlen v. Boatmen's Bank, 212 U. S. 364, 373, 29 Sup. Ct. 366, 53 L. Ed. 551).

[2] In the case at bar it appears from the complaint, after it had been amended, that at the time of the filing of the petition and bond for removal the amount involved was not sufficient to confer jurisdiction on a national court. It is claimed on behalf of the defendant that, as the amendment was made after the service of the notice of the intended application for removal, it was for the sole purpose of preventing a removal; that this was a fraud on the defendant, for the purpose of depriving it of a right granted by the laws of the United States; and for this reason the court should disregard the amendment and treat the cause as it appeared from the complaint at the time the notice of the intention to remove it was served on counsel for the plaintiff.

Ordinarily it cannot be doubted that it is for the plaintiff to determine what damages he thinks he is entitled to, and if he sees proper to be satisfied with a smaller sum than he originally thought he should recover he has a right to reduce his claim, provided it was before the state court had lost jurisdiction of the cause. The fact that his object in reducing his claim was to prevent a removal is immaterial, unless he has lost control of his action after notice of the defendant's intention to remove the cause to the national court. It has been uniformly held that a party may change his citizenship for the sole purpose of enabling him to maintain an action in a national court, provided the change is actually made. The motive is immaterial. Cheever v. Wilson, 9 Wall. 108, 123, 19 L. Ed. 604; Dickerman v. North-

ern Trust Co., 176 U. S. 181, 192, 20 Sup. Ct. 311, 44 L. Ed. 423; Williamson v. Osenton, 232 U. S. 619, 625, 34 Sup. Ct. 442, 58 L. Ed. 758.

In Blair v. Chicago, 201 U. S. 400, 448, 26 Sup. Ct. 427, 434 (50 L. Ed. 801), it was sought to deprive a national court of jurisdiction upon the ground that there was a conspiracy to get the case into a national court; but the court, in disposing of that contention, said:

"As to the conspiracy to get the case into the federal court, with a view to the decision of the rights of the parties therein, we are not aware of any principle which prevents parties having the requisite citizenship and a justiciable demand from seeking the federal courts for redress, if such be their choice of a forum in which to have contested rights litigated. Having a proper cause of action and the requisite diversity of citizenship confers jurisdiction upon the federal courts, and in such cases the motive of the creditor in seeking federal jurisdiction is immaterial."

It has been frequently held that if the plaintiff has a cause of action which is joint, and has elected to sue both tort-feasors in one action, even if it was for the purpose of preventing a removal to the national court, his motive in doing so is of no importance. Chicago, R. I. & P. Ry. Co. v. Dowell, 229 U. S. 102, 114, 33 Sup. Ct. 684, 57 L. Ed. 1090, and cases cited there.

While decisions of the Supreme Court affecting its jurisdiction on error to the Circuit or District Courts are not exactly in point, they are at least helpful. Prior to the enactment of the Circuit Court of Appeals Act (26 Stat. 824) the jurisdiction of the Supreme Court was limited, with some exceptions which are immaterial so far as the issues in this case are concerned, to final judgments exceeding in value the sum of $5,000, exclusive of costs, and it was uniformly held that, although the judgment exceeded that amount, the judgment creditor had a right to remit all in excess of $5,000, even if his motive was to prevent an appeal, and after such remittitur the Supreme Court was without jurisdiction. Thompson v. Butler, 95 U. S. 694, 24 L. Ed. 540; Alabama Gold Life Ins. Co. v. Nichols, 109 U. S. 232, 3 Sup. Ct. 120, 27 L. Ed. 915; Pacific Postal Tel. Co. v. O'Connor, 128 U. S. 394, 9 Sup. Ct. 112, 32 L. Ed. 488; Texas & Pacific Ry. Co. v. Horn, 151 U. S. 110, 14 Sup. Ct. 259, 38 L. Ed. 91.

While in the first case cited the court had only decided that the remittitur could be made after verdict and before judgment on the verdict had been entered, in the other cases it was expressly held that the remittitur, even if made after entry of judgment on the verdict, would deprive the Supreme Court of jurisdiction.

In Peterson v. Chicago, M. & St. P. Ry. Co. (C. C.) 108 Fed. 561, Judge Philips held that an amendment of the complaint made in vacation, without notice, and before the petition for removal was filed, reducing the amount claimed below the sum necessary to invest the national court with jurisdiction, was ineffectual. But that case is clearly distinguishable from the case at bar. The statute of Missouri, from a court of which state that cause was removed, required notice of the filing of an amendment to a pleading in vacation to the adverse party, and "until such notice is duly served such adverse party shall not be deemed to have notice thereof for the purpose of pleading,"

and the learned judge held that, the amendment having been made in vacation without notice, it was under the statute of Missouri a nullity. But under the statutes of the state of Arkansas, and the uniform practice in the courts of that state, an amended pleading may be filed before answer in vacation, without notice to the adverse party, with the same effect as if made in term time.

As the complaint, at the time the petition and bond for removal were filed, showed the amount in the controversy did not exceed $3,000, the cause was not removable, and the motion to remand is sustained.