## PATTIZ v. SEMPLE et al.

(District Court, E. D. Illinois. October 3, 1925.)

No. 2274.

Appearance ⬤⇒9(6)—Petition for removal, and appearance to and consent to allowance of motion to remand, not general appearance.

Neither defendant's petition to remove cause to federal court, nor his appearance in response to motion to remand 'and consent to allowance thereof, amounts to a general appearance, so that state court was without jurisdiction, after remand, to render decree against him, on his default; no service of process having been had on him in the suit.

In Equity. Suit by Max B. Pattiz against B. H. Semple and others. On motion to strike paragraphs of answer. Motion allowed.

Bruce A. Campbell, of East St. Louis, Ill., for plaintiff.

O. B. Dobbins, of Champaign, Ill., and Harold F. Lindley, of Danville, Ill., for defendants.

LINDLEY, District Judge. The plaintiff moves to strike from the answer of the defendant certain paragraphs, which plead a decree in the circuit court of Champaign county, Ill., in a cause between the same parties, as a bar to the plaintiff's present suit for foreclosure of a mortgage. It is alleged in the answer that the present defendants filed in the state court a suit praying for the cancellation of the mortgage plaintiff now relies upon; that no service of process was had upon the defendant in that suit, but that the defendant filed a proper petition and bond for removal of the cause to this court; that after the cause was docketed in this court, upon motion to remand, counsel for the then defendant and the present plaintiff appeared in open court and consented that the motion to remand should be allowed; that thereupon the cause was remanded to the state court, the defendant there defaulted, and a decree entered, reciting these facts, and finding that they constituted a general entry of appearance on the part of the then defendant. Plaintiff contends that this decree on its face demonstrates that the circuit court of Illinois has no jurisdiction over the defendant, and that the decree, therefore, cannot be pleaded as a bar to the present action.

A petition for removal, even though it does not contain a reservation expressing an intention not to waive any question of jurisdiction over the person, does not amount to a general appearance, but is only a special appearance. After the removal, the party securing it has the same right to invoke the decision of the United States Court on the validity of the prior service that he has to ask its judgment upon the merits. General Investment Co. v. Lake Shore Railway Co. et al., 260 U. S. 261, at page 269, 43 S. Ct. 106, 67 L. Ed. 244. In the case cited, the defendant filed a petition for removal and a stipulation bringing before the United States court evidence presented in the state court upon the question of validity of service of process, and filed a brief in opposition to the motion to remand. Upon argument of this motion it was overruled, and the court thereafter passed upon the validity of service of process, and held it void.

In the case of Flint v. Coffin et al., 176 F. 872, 100 C. C. A. 342, the defendant filed a petition for removal in the state court and the cause was removed. After the filing of the petition, and before the filing of the transcript in the United States court, defendant's counsel filed with the clerk of the latter court a memorandum stating that they appeared as counsel for the defendant in the action. After the transcript was filed, the plaintiff filed a motion to remand, and defendant's counsel appeared in court and argued in resistance thereto. It was contended under these facts that the defendant had entered his general appearance and waived any right to object to jurisdiction over his person. The court held otherwise, saying:

"The filing of a petition to remove a cause from a state to a federal court does not amount to a general appearance. Wabash Western Railway v. Brow, 164 U. S. 271, 17 S. Ct. 126, 41 L. Ed. 431; International Text-Book Co. v. Heart, 136 F. 129, 69 C. C. A. 127. The paper filed with the clerk by counsel for Flint, advising that official that they so appeared, was simply a notice that they, in effectuating the removal from the state court, would file the record of the cause in the federal court. That court was not then in session, and surely the requirement of the clerk, that counsel should file in his office a memorandum indicating for whom they appeared, cannot be construed as a general appearance, when what was intended is kept in view—the lodging of a record which had been removed from a state court, by a proceeding that was of itself a special appearance. *Nor can it be consistently held that*

*the resistance to the motion to remand was a general appearance.* All of those things that were essential to secure the final lodgment of the case on the docket and records of the court below were properly done under the special appearance made in the state court, when the petition for removal was filed. To hold otherwise would, in the light of the record of this cause, be painfully technical, would do violence to the evident intention of counsel, which was to challenge the jurisdiction of the court on the ground stated in the motion to dismiss, and would impair the rights intended to be secured to nonresidents by the acts of Congress authorizing the removal of cases against them from a state to a federal court. While it is most undoubtedly true that a general appearance will be held to be a waiver of all objections to the form or the manner of service of the subpœna, and that it will be taken as equivalent of personal service of process, and also that by such appearance a proceeding that theretofore was in rem may be thereby converted into a personal action, nevertheless we find nothing in the record of this cause indicating that the plaintiff in error ever intended to make, or in fact ever made, such a general appearance in the court below as renders applicable to this case the conclusions of law we have just referred to. *It is only where a defendant pleads to the merits, without insisting upon the illegality relating to the process, that the objections to it are held to have been waived.*"

These two cases effectually dispose of the present motion. The circuit court of Champaign county had no jurisdiction over the person of the defendant. The defendant's appearance for the purpose of filing petition to remove was not a general appearance. Under the authorities cited the appearance to argue in resistance to a motion to remand is not a general appearance. In the present case the defendant appeared in response to the motion to remand and consented that it should be allowed. This was not an appearance to argue the merits of the case, which would constitute a general appearance. It was merely an appearance, as suggested in the cases above cited, for the purpose of settlement of the question of whether or not the case had been properly removed. There is as much of the character of a general appearance in an argument in resistance of the motion questioning jurisdiction as in an appearance consenting to the allowance of the motion. In such

case the defendant by his action clearly says: "I thought I had a right to remove this case; hence I entered my special appearance for that purpose. I find now that I was mistaken, and that my petition for removal should not have been filed. Therefore I consent that the motion to send the case back to the court, where I entered my special appearance, shall be allowed, and that that court shall proceed as if I had not filed my petition for removal." He did not say in any act that he consented that the right, which had always been his, to object to a prosecution of the case in the circuit court for want of jurisdiction over his person had been waived, or that he intended to release it, or anything else, other than that he wished the case to stand as if he had withdrawn his special appearance filed for the purpose of removing the cause. He never again appeared for any purpose in the circuit court. That court never had any jurisdiction over him for any purpose, except to enter an erroneous order of removal, which he consented might be vacated and treated for naught. It follows that the action of the state court is void, for it is evident that the decree was entered without jurisdiction of the person of the defendant, and is therefore subject to attack either directly or collaterally. See 34 C. J. 533, and cases there cited.

The plaintiff insists that, even if this is a proper construction of the facts, yet in view of the fact that the state court had absolutely no jurisdiction over the defendant, when he entered his appearance for any purpose, by limited appearance or otherwise, he thereby consented that the court should have jurisdiction of his person; that he was under no necessity of filing a petition to remove, or making any other defense, but that by so doing he must have intended to consent to jurisdiction of his person. But the plaintiff cannot complain if, the court having no jurisdiction of the defendant whatever, the latter should see fit to enter a limited appearance. He may have unnecessarily surrendered the right to make no appearance, and concluded it wise to make a limited appearance; but there is nothing to indicate that he did not intend to say to the United States court, after removal, "I now enter my special appearance to say that the court has no jurisdiction over my person and cannot proceed further," which clearly he might have done. In the case of Flint v. Coffin, supra, the court said: "The party causing a case to be re-

moved to a federal court has a right, after the removal, to the judgment of that court on all questions relating to the validity of the service of process, as well as upon the merits of the case."

The motion to strike will be allowed.