## Wentz et al. v. Atlantic Greyhound Corp.

*Franklin J. Docktor*, for plaintiffs.

*Dickie, Robinson & McCamely* and *Harry F. Moore*, for defendant.

HUGHES, P. J., August 23, 1943.—The above-stated action was filed in this court on May 3, 1943. On June 7, 1943, notice was served upon the attorney for plaintiffs that a petition would be presented "for the removal of the case to the District Court of the United States for the Western District of Pennsylvania, sit-

ting in Pittsburgh, together with the bond of the defendant with surety conditioned as provided by law, a copy of said petition and bond being presented herewith".

Prior to the presentation of the petition to the court, counsel for plaintiffs had amended their statement of claim in the last paragraph as follows:

"Wherefore, Clarence V. Wentz (William V. Archibald), plaintiff, claims of the defendant, Atlantic Greyhound Corporation, the sum of Two Thousand Nine Hundred Seventy-five ($2,975.00) Dollars for which said sum this suit is brought and a trial by Jury is requested."

When the petition of defendant was presented on June 7, 1943, the court made the following order:

"And now, June 7, 1943, this case is placed on the next Argument List on question of whether plaintiff is entitled to amend his statement of claim by reducing the amount sued for in order to prevent the defendant from transferring the case to Federal Court."

We are satisfied upon an examination of the cases that plaintiffs were within their rights in amending their statement of claim and reducing the amount sued for below the jurisdictional amount which would entitle the case to be transferred to Federal court. It was held in Anderson v. Western Union Telegraph Co., 218 Fed. 78, at page 79:

"The law as uniformly declared is that the right of removal has to be determined from the facts as they appear from the pleadings at the time the petition and bond are filed (Chicago, B. & Q. Ry. Co. v. Williard, 220 U. S. 413, 426, 31 Sup. Ct. 460, 55 L. Ed. 521), and, if in proper form, the jurisdiction of the state court ceases immediately, except for the purpose of making the order of removal. All subsequent proceedings in the cause by the state court are coram non judice and absolutely void. Flint v. Coffin, 176 Fed.

872, 100 C. C. A. 342; Boatmen's Bank v. Fritzlen, 135 Fed. 650, 653, 68 C. C. A. 288, 291, and authorities there cited (approved in Fritzlen v. Boatmen's Bank, 212 U. S. 364, 373, 29 Sup. Ct. 366, 53 L. Ed. 551)."

It is further stated:

"It is claimed on behalf of the defendant that, as the amendment was made after the service of the notice of the intended application for removal, it was for the sole purpose of preventing a removal; that this was a fraud on the defendant, for the purpose of depriving it of a right granted by the laws of the United States; and for this reason the court should disregard the amendment and treat the cause as it appeared from the complaint at the time the notice of the intention to remove it was served on counsel for the plaintiff.

"Ordinarily it cannot be doubted that it is for the plaintiff to determine what damages he thinks he is entitled to, and if he sees proper to be satisfied with a smaller sum than he originally thought he should recover he has a right to reduce his claim, provided it was before the state court had lost jurisdiction of the cause. The fact that his object in reducing his claim was to prevent a removal is immaterial, unless he has lost control of his action after notice of the defendant's intention to remove the cause to the national court. It has been uniformly held that a party may change his citizenship for the sole purpose of enabling him to maintain an action in a national court, provided the change is actually made. The motive is immaterial. Cheever v. Wilson, 9 Wall. 108, 123, 19 L. Ed. 604; Dickerman v. Northern Trust Co., 176 U. S. 181, 192, 20 Sup. Ct. 311, 44 L. Ed. 423; Williamson v. Osenton, 232 U. S. 619, 625, 34 Sup. Ct. 442, 58 L. Ed. 758. . . .

"As the complaint, at the time the petition and bond for removal were filed, showed the amount in the controversy did not exceed $3,000, the cause was not removable, and the motion to remand is sustained."

In Maryland Casualty Co. v. Dyer, 125 S. W. (2d) 622, 623, it is stated:

"Where a petition for removal in a removable case, accompanied by proper bond, is duly filed and on its face shows a right of removal, the effect of filing an amended petition reducing the amount in controversy to $3,000 or less is dependent upon whether such amended petition is filed before or after the petition for removal is filed. When plaintiff's amended petition is filed before the petition for removal is filed, the rule is stated thus: 'The plaintiff may amend his complaint before a petition and bond for removal are filed, so as to demand less than the jurisdictional amount, and thereby defeat a removal.' 28 U. S. C. A. §71, note 201, and authorities cited. See also Western Union Telegraph Co. v. Campbell, 41 Tex. Civ. App. 204, 91 S. W. 312; Skelton & Wear v. Wolfe, Tex. Civ. App., 200 S. W. 901."

A similar case was before this court in Speasmaker et ux. v. McDonald, 18 Wash. Co. 168, 169, where Brownson, P. J., states the question to be:

"Whether it was competent for the plaintiffs, after bringing an action which, as brought, would be removable, to amend the claim for damages so as to reduce them below the jurisdictional amount." And this question he answers: "It is clear from the authorities that the plaintiffs had the right to amend as they did, and that the right of the defendant to have a removal must be determined on the basis of the pleadings as they stood at the time when the application for removal was presented."

From the pleadings in this case, it appears that this action was not at the time of the presentation of defendant's petition, and is not now, removable. Accordingly, the application for removal must be denied.

And now, August 23, 1943, the petition for removal and bond presented by defendant are not accepted, and said petition is denied and dismissed.