VAN ORDEN v. MAYOR, ETC., OF NASHVILLE.

BRICKILL et al. v. SAME.

(Circuit Court, M. D. Tennessee. May 4, 1895.)

Nos. 2,862, 2,859.

1. PARTIES TO PATENT SUITS—ACTIONS AT LAW.

A part owner of a patent cannot maintain alone an action at law for infringement, but must join all the co-owners, so as to have the entire legal title represented; for only one suit can be maintained for the same infringement. Nor can a part owner, in such action, make his co-owners parties defendant on the ground that they have refused to join as plaintiffs.

2. SAME—PLEADING—DEMURRER.

The nonjoinder as parties plaintiff of all the part owners of a patent may be taken advantage of by demurrer when the defect appears on the face of the declaration.

These were actions at law, brought, respectively, by Edward Van Orden and William A. Brickill, against the mayor and city council of Nashville, to re-

cover damages for the infringement of letters patent No. 81,132, issued to said Brickill, August 8, 1868, for an improvement in feed-water heaters for steam fire engines. The cases were heard upon demurrer to the declaration because of nonjoinder of parties plaintiff.

J. W. Gaines and Everett McKins, for Van Orden.

Raphael J. Moses, James A. Hudson, and J. W. Bonner, for Brickill et al.

Frank Slemmons, Claude Waller, and Lellyett & Barr, for mayor and city council of Nashville.

CLARK, District Judge. These are actions at law brought for alleged infringement of patent. In the first case Van Orden sues as the assignee of an undivided fourth interest in the invention, and makes the city of Nashville, with Brickill, the patentee, and others, defendants, it being averred that Brickill still owns a one-fourth share of the patent, and the other defendants (except the city) the remaining half thereof. The infringement alleged and damages claimed are against the city only, and the reason stated for making the owners of the other undivided parts defendants, instead of joining them as coplaintiffs, is that they "have declined to join with the plaintiff." In the second case Brickill and those made defendants with him in the first case, as owning three-fourths of the patent right, sue the city and Van Orden, stating that Van Orden declines to join with them as a plaintiff in this suit.

This condition of things stands without explanation, further than that they decline to join in one suit. The demurrer in each case raises the question whether a party owning less than the whole interest can maintain an action at law for infringement without joining the other co-owners as plaintiffs. It is quite apparent that, if each part owner may sue separately, as many as four suits might have been brought upon the facts in these cases, and the number that might be maintained against a single defendant for an infringement in any case would be limited only by the parts into which the patent right may have been divided and subdivided. It is not to be supposed that a rule so contrary to all analogy exists, unless there is something peculiar to this class of cases. In Gayler v. Wilder, 10 How. 493, Chief Justice Taney, speaking of the nature of a patent right, said: "Now, the monopoly granted to the patentee is for one entire thing. It is the exclusive right of making, using, and vending to others to be used, the improvement he has invented, and for which the patent is granted. The monopoly did not exist at common law, and the rights, therefore, which may be exercised under it, cannot be regulated by the rules of the common law. It is created by the act of congress; and no rights can be acquired in it unless authorized by statute, and in the manner the statute prescribes."

And, referring to assignments of sectional or part interests, and their effect, it was observed: "For it was, obviously, not the intention of the legislature to permit several monopolies to be made out of one and divided among different persons within the same limits. Such a division would inevitably lead to fraudulent impositions upon persons who desired to purchase the use of the improvement, and would subject a party who, under a mistake as to his rights, used the invention without authority, to be harassed by a multiplicity of suits, instead of one, and to successive recoveries of damages by different persons holding different portions of the patent right in the same place."

Whatever may be the rule elsewhere, and in respect to other rights, I think it is settled that in an action at law for infringement in the courts of the United States a part owner cannot sue alone, but must join all the co-owners, so as to have the entire legal title represented by the plaintiff or plaintiffs, and that but one suit can be maintained for the same infringement. Blanchard

v. Eldridge, 1 Wall. Jr. 337, Fed. Cas. No. 1,510; Gayler v. Wilder, supra; Waterman v. Mackenzie, 138 U. S. 255, 11 Sup. Ct. 334; Moore v. Marsh, 7 Wall. 515; Curt. Pat. §§ 344, 347. In Waterman v. Mackenzie, Mr. Justice Gray, giving the opinion of the court, said: "The patentee or his assigns may, by instrument in writing, assign, grant, and convey either (1) the whole patent, comprising the exclusive right to make, use, and vend the invention throughout the United States; or (2) an undivided part or share of that exclusive right; or (3) the exclusive right, under the patent, within and throughout a specified part of the United States. Rev. St. § 4898. A transfer of either of these three kinds of interests is an assignment, properly speaking, and vests in the assignee a title in so much of the patent itself, with a right to sue infringers,—in the second case, jointly with the assignor; in the first and third cases, in the name of the assignee alone." A transfer of the second kind is the one which the court is here dealing with, and Waterman v. Mackenzie was approved and followed in Pope Manuf'g Co. v. Gormully & Jeffery Manuf'g Co., 144 U. S. 251, 12 Sup. Ct. 641. This point was made and sustained by the court below in Campbell v. Haverhill, 155 U. S. 610, 15 Sup. Ct. 217, but the supreme court of the United States held that the objection had been waived, and that court, on the merits, decided for the first time that the statute of limitations of the several states applies to actions at law for the infringement of letters patent. In an action at law, in any character of case, that a joint owner of a right or fund can sue his co-owners as defendants, instead of joining them as plaintiffs, as is here done, I am not by any means prepared to admit. And the objection of nonjoinder may be taken advantage of by demurrer where the defect appears on the face of the declaration. Farni v. Tesson, 1 Black, 309. For the reasons indicated, the first cause assigned in the original demurrer is sustained, and both suits dismissed, with costs.