## PETERSON v. CHICAGO, M. & ST. P. RY. CO.

(Circuit Court, W. D. Missouri, W. D. May 6, 1901.)

1. PLEADING—AMENDMENT OF PETITION—MISSOURI STATUTE.

Rev. St. Mo. 1899, § 661, which provides that "a petition or answer may be amended by the proper party, of course, * * * at any time before the answer or reply thereto shall be filed," contemplates that such amendment shall be made in open court, or if in vacation by leave of court, and does not authorize a plaintiff to amend his petition in vacation before the return day of the summons; nor is such authority conferred by section 638, which merely provides that any party filing an amended pleading in vacation shall give written notice of the time of filing the same to the adverse party or his attorney.

2. GAME—NOTICE OF AMENDMENT—SERVICE ON ATTORNEY.

A statutory provision requiring notice of the filing of an amended pleading to be given to the adverse party "or his attorney" requires such service either upon the party or his attorney of record in the cause, and notice of the filing of an amended petition in vacation, before the return day of the summons, is not given, under such a provision, to a defendant who has not entered his appearance, by its service upon an attorney, although such attorney may thereafter appear for defendant in the cause.

3. REMOVAL OF CAUSES—AMOUNT IN CONTROVERSY—AMENDMENT OF PETITION.

An action to recover damages in the sum of $10,000 was brought in a state court of Missouri in vacation, and summons, together with a copy of the petition, as required by statute, was served on defendant. Before the next term of court to which the summons was returnable, plaintiff filed with the clerk an amended petition in which he prayed judgment for less than $2,000. Such amendment was not authorized by statute, nor was notice of its filing served on defendant as required when an amendment was properly filed in vacation. *Held,* that it was ineffectual to reduce the amount in controversy so as to prevent the removal of the cause on a petition filed on the return day by defendant, which was a nonresident of the state.[1]

On Motion to Remand to State Court.

Scott J. Miller, for plaintiff.

Chas. A. Loomis, for defendant.

PHILIPS, District Judge. On the 24th day of November, 1900, the original petition was filed in this cause in the clerk's office of the circuit court of Livingston county, in which the suit was instituted. This, of course, was in vacation of court. The summons was returnable to the next term of court, which convened on the 14th day of January, 1901. Judgment was asked for $10,000. On the 9th day of January, 1901, in vacation, and before the return day of the writ of summons, the plaintiff filed in the clerk's office of said court what purports to be an amended petition, in which the amount of the judgment prayed for is $1,999. On the first day of the regular term of court to which the cause of action was returnable, the defendant appeared and filed its application, as a nonresident defendant, for a removal of the cause from the state circuit court to this court, which application was granted, and the cause is now docketed in this court.

[1] Jurisdiction of circuit courts as affected by amounts in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Shoe Co. v. Roper, 36 C. C. A. 459.

The plaintiff has filed a motion to remand, based upon the contention that the amended petition so filed in vacation before the return day of the writ supplanted the original petition, and was the only cause of action pending in the state circuit court at the time of the removal, and therefore the amount in controversy is less than $2,000, and this court is without jurisdiction over the subject-matter. In support of this contention plaintiff relies upon section 661 of the Revised Statutes of Missouri of 1899, which reads as follows:

"A petition or answer may be amended by the proper party, of course, without costs and without prejudice to the proceeding already had, at any time before the answer or reply thereto shall be filed."

It is observable that this section makes no provision for making such amendment in vacation, and especially none before the return day of the writ. It is claimed, however, by plaintiff's counsel that the authority for the course pursued is found in section 638 of the statute, which reads as follows:

"The party filing any replication, answer or amended or supplemental pleading, in vacation, shall give written notice of the time of filing the same to the adverse party, or his attorney; and until such notice is duly served, such adverse party shall not be deemed to have had notice thereof, for the purpose of pleading."

It is again to be observed that this section does not expressly confer upon the plaintiff the right to amend his pleading in vacation, of his own motion, simply by filing an amended petition in the clerk's office, but only provides that, when any such pleading is filed in vacation, notice thereof shall be given to the adverse party or his attorney. It will be found, on examination of the cases arising under this section of the practice act, that the instances arose where a party during term time had taken leave to file an amended pleading in vacation. In such case the statute imposes upon him the obligation of notifying the adverse party or his attorney of having availed himself of the leave obtained in term time, as he might or might not, at his pleasure, avail himself of the leave obtained from the court to file such pleading; and, without requiring the adversary to go to the clerk's office to ascertain whether the party had availed himself of the privilege accorded by the court, the statute makes it his duty to give notice of the filing of the amended pleading in vacation, so that the adversary may take notice thereof and make preparation for meeting the new pleading. I find no instance in the reported cases, nor have I ever known in practice, of the plaintiff, between the day of the summons on a petition filed in vacation and the return day thereof, filing an amended petition with the clerk, and requiring the defendant to plead thereto. The notice of the amended petition in this case was served, not upon the defendant railroad company, but upon Mr. Loomis, who was one of the attorneys who usually represented the defendant in court in suits against it in his locality. I take it that the meaning of the statute in providing that service of notice may be made on the defendant's attorney is the attorney of record, and until the return day of the summons it could not be known who would be the attor-

ney of record of the defendant,—a fact which could be authenticated by the court docket in the event of an amended pleading filed in vacation by leave of court taken after the return day of the writ. Since this motion was submitted, plaintiff's counsel calls the court's attention to the fact that the petition for removal is sworn to by Mr. Loomis, who describes himself as attorney for the defendant in this suit, and that this affidavit was made on the 12th day of January, 1901. The fact, however, remains that the notice of the filing of the amended petition was served upon Mr. Loomis on the 9th day of January, 1901, three days prior to any proper evidence of his attorneyship in this case; and, until his appearance was entered in court as attorney for the defendant, there was no evidence of his being attorney in this case when the notice was served upon him. The notice had by an attorney prior to his appearance as attorney in the case is not imputable to the client for whom he afterwards appears.

Section 674 of said statute requires that "no process, pleading or record shall be amended or impaired by the clerk or other officer of the court, or by any person, without the order of such court, or of some court of competent authority." The primary purpose, doubtless, of this provision may be said to prevent the clerk or any officer of the court or any other person from amending or changing a pleading after it has been filed, without leave of the court. But it is a universally recognized rule of procedure that, before an amended pleading can be filed in a cause after the institution of a suit, leave of court thereto is asked. And while, under section 661, the plaintiff has a right to amend his petition "of course" before the answer shall be filed, it must be done in open court, or, if he is not ready at the return term of the writ to file his amended petition, he may obtain leave of court to file the same in vacation. If the right to amend the pleading in vacation exists, without leave of court, merely by giving notice thereof to the adverse party, the party might do so by interlineation or by supplemental averment added thereto, which certainly would be a violation of the provision of said section 674. Section 661, which declares that "a petition may be amended by the proper party, of course," does not prescribe that it shall be by substitution of the petition, nor as to the manner of the amendment. As the practice act, in my judgment, contemplates the making of such amendments in open court, or, by leave of court in vacation, the manner of the amendment, whether by interlineation or supplemental averment, or wholly by substituted petition, is a matter of discretion with the court. Section 566 prescribes how the suit shall be instituted in courts of record:

"By filing in the office of the clerk of the proper court a petition," etc., "and by the voluntary appearance of the adverse party thereto; or by filing such petition in such office and suing out thereon a writ of summons against the person," etc. "The filing of a petition in a court of record, and the suing out of process therein, shall be taken and deemed the commencement of a suit."

Thereupon a writ of summons shall issue, with a copy of the petition, which is to be served upon the defendant. It is this petition

which the defendant is called upon to appear at the return day of the summons and answer. There is and can be no other cause of action pending against him prior to the return day of such writ of summons, to which he is required to appear and plead. Under the contention of plaintiff's counsel, within the 15 days after the service of the petition upon the defendant he could go to the clerk's office, day after day, and amend his petition as often as he pleased, and call the defendant into court simply by notice of the fact of another amended petition, even without serving a copy thereof on the defendant.

When the return day of the summons in this case transpired, the only legal notice the defendant company had of the institution of the suit against it was the service of the writ of summons, with a copy of the petition. It was not bound by the notice given to Mr. Loomis, who was not the attorney of record for the defendant in the case. No amended petition had been filed in the court when the defendant made its application for the removal of this cause. The matter in controversy in the suit instituted by the plaintiff to which the defendant was summoned to answer was a judgment prayed for for $10,000. This was the only action properly pending against the defendant at the time the cause was removed to this court. The so-called amended petition was not then filed in court, and could not be filed therein thereafter, as the state circuit court lost jurisdiction of the cause the moment the defendant complied with the provisions of the federal statute entitling it to the order of removal. The motion to remand is denied.