### HEGEMAN et al. v. SPRINGER.

#### (Circuit Court of Appeals, Second Circuit. July 17, 1901.)

#### No. 15.

COPYRIGHT—INFRINGEMENT—ACTION FOR FORFEITURE OF INFRINGING PICTURES.
  A demand and refusal are not conditions precedent to the maintenance of an action based on Rev. St. § 4965, for the forfeiture of infringing sheets of a copyrighted picture, and to recover the penalty imposed by the statute.

In Error to the Circuit Court of the United States for the Southern District of New York.

Franklin Bien, for plaintiffs in error.

Truax & Crandall (William A. Hoy, of counsel), for defendant in error.

Before SHIPMAN, Circuit Judge, and WHEELER and BROWN, District Judges.

WHEELER, District Judge. This is a writ of error upon a judgment of the circuit court upon a verdict of the jury in favor of the defendant against the plaintiff in error for $2,075 for 2,075 sheets, found in possession of the plaintiff in error, and for the forfeiture of the sheets of a lithograph of an advertising picture called the "Black Crook," made in violation of a copyright.

The principal question of fact raised upon the trial related to the artistic quality of the production, which was submitted to the jury in a manner with which the plaintiff in error was apparently satisfied, and to which no exception was taken, and about which no question now properly arises. The lithographer of the design for the copyright was asked what he knew about the preparation of it, which was objected to, and the objection was overruled, to which exception was taken. The witness answered that he knew but little about the preparation of it, only that it was given him by Mr. Bandlow to reproduce on stone. Error is assigned upon this ruling, and is sought to be sustained principally because Bandlow had not been, and was not, called. This production of the design to the lithographer appears, however, to have been a part of the res gestæ, and admissible of itself, as such, without Bandlow. Another error assigned arose upon the admission of testimony that an employé of those taking out the copyright afterwards went on to the road with a Black Crook

company. This also related to the history of the copyrighted picture, and may have been admissible as such at the state of the case when it was received; and whether this or the other evidence objected to was strictly so admissible when received or not, each became so wholly immaterial upon the issue finally given to the jury, that no influence upon the verdict is likely to have been so due to it that the verdict should be disturbed.

At the close of the plaintiff's case the defendant moved to dismiss, "on the ground that there has been no demand proven to entitle the plaintiff to a return of the property in question, it being an action in replevin, and that there is no allegation in the complaint of demand." This was denied, and the principal other assignment of error is upon this ruling. But this is not an action of replevin; it is an action upon the statute (section 4,965, Rev. St. U. S.) to recover a penalty and forfeiture, neither of which is by the statute founded upon a demand. Bolles v. Outing Co., 175 U. S. 262, 20 Sup. Ct. 94, 44 L. Ed. 156. The right to recover the penalty and upon the forfeiture would turn upon the finding of the copyrighted sheets in the possession of the plaintiffs in error. The motion would make the right turn upon the demand and refusal, in addition to the finding in possession, which is so much more than the statute requires. No question was or is made about the finding in possession as such, and no error in this respect appears. Judgment affirmed, with costs.