Common Pleas Court of Hamilton County.

## U. S. INSURANCE AGENCY CO. v. AMERICAN BANKERS INSURANCE CO.

Decided November 21, 1933.

*Andrew W. Kops,* for plaintiff.
*S. Geismar,* for defendant.

SCHWAB, J.

This case is before the court on a petition filed by the defendant for removal to the District Court of the United States for the Southern District of Ohio, upon the grounds of diversity of citizenship and that the amount involved, exclusive of interest and costs exceeds the sum of $3000.00.

The original petition in this action was filed on October 17, 1933, wherein the plaintiff, the U. S. Insurance Agency Company, a corporation organized and existing under the laws of the state of Ohio, sought damages in the sum of $3000.00 against the American Bankers Insurance Company, a corporation organized and existing under the laws of the state of Illinois. The plaintiff in this action further sought an injunction against the defendant from interfering with the plaintiff and from conducting and carrying on insurance business in Cincinnati and Hamilton county, Ohio, and writing policies of insurance in Cincinnati and Hamilton county, Ohio.

Counsel for the plaintiff and defendant agreed that as to this petition the petition for removal is sound. However, after notice of the filing of the petition for removal to the Federal Court, counsel for plaintiff, the United States Insurance Agency Company, filed an amended petition, which is the same as the original petition, except that in the amended petition relief by injunction is not sought.

It is agreed by and between counsel that the amended petition so reduces the plaintiff's claim that grounds for removal to the Federal Court do not exist.

It is the contention of counsel for the plaintiff in the original action that having reduced his claim so that the amount involved, exclusive of interest and costs, does not exceed $3000.00, the court should deny the removal of this cause to the Federal Court.

It is the contention of counsel for the defendant in the original action that the amendment to the original petition filed after notice of the intention of the defendant to file a petition for removal does not warrant this court to refuse to remove the cause to the Federal Court.

Section 2351, Hughes Federal Practice, reads as follows:

"The plaintiff may amend his complaint before a petition and bond for removal are filed, so as to demand less than the jurisdictional amount, and thereby defeat an attempted removal, for then, as a matter of law, no ground for removal exists. But the right to a removal cannot be defeated by an amendment reducing the amount claimed, made after the petition and bond for removal have been filed, for the jurisdiction of the Federal Court has attached. And whether an amendment of an *ad damnum* of the plaintiff's writ, reducing the amount below the jurisdictional requirement for removal, was made before the petition for removal was filed, thereby preventing the removal, must be determined by the state court upon the face of the record, since it can make no decision of disputed issues of fact. An amendment of the plaintiff's petition increasing the damages so as to create a removable cause enables the defendant, by due application, to remove it.

"After the removal of a cause in which the jurisdictional amount sufficiently appears, the removal cannot be defeated by an amendment in the Federal Court reducing the amount below the jurisdictional requirement."

In the case of *Anderson* v. *Western Union Telegraph Co.,*

reported in 218 Fed., page 78, syllabi 1 and 2 read as follows:

"1. Right of removal of a cause from the state to the Federal Court must be determined from the facts as they appear from the pleadings at the time the petition and bond are filed.

"2. Where plaintiff, having filed a complaint against defendant to recover $5000 damages, on being served with notice of defendant's intention to remove the cause to the Federal Court, before the petition and bond for removal were filed, and before the time to answer had expired, or an answer had been filed, amended his complaint by interlineation, reducing his claim below $3000, as authorized by Kirby's Dig. Ark. Sec. 6143, the cause was no longer within the jurisdiction of the Federal Court, and was therefore not removable, though plaintiff reduced his *ad damnum* for the express purpose of preventing the removal."

Judge Trieber, writing the opinion of the court in this case, says as follows:

"Ordinarily it cannot be doubted that it is for the plaintiff to determine what damages he thinks he is entitled to, and if he sees proper to be satisfied with a smaller sum than he originally thought he should recover he has a right to reduce his claim, provided it was before the state court had lost jurisdiction of the cause. The fact that his object in reducing the claim was to prevent a removal is immaterial, unless he has lost control of his action after notice of the defendant's intention to remove the cause to the national court."

He further calls attention to the fact that prior to the enactment of the Circut Court of Appeals Act (26 Stat. 824) the jurisdiction of the Supreme Court was limited, with some exceptions, to final judgments exceeding in value the sum of $5000, exclusive of costs, and it was uniformly held that, although the judgment exceeded that amount, the judgment creditor had a right to remit all in excess of $5,000, even if his motive was to prevent an appeal, and after such remittitur the Supreme Court was without jurisdiction.

It thus appears clear that the plaintiff in the original action herein had a right to reduce his claim even though his motive in so reducing the claim was to prevent the removal of the cause to the Federal Court.

The question therefore which presents itself to the court is whether or not the plaintiff in the original action has properly amended his petition.

In the case of *Peterson* v. *Chicago, M. & St. P. Ry. Co.,* 108 Fed. 561, it was held that an amendment of the complaint made in vacation, without notice, and before the petition for removal was filed, reducing the amount claimed below the sum necessary to invest the national court with jurisdiction, was ineffectual. This holding was by virtue of a statute of Missouri, from a court of which state that cause was removed, which required notice of the filing of an amendment to a pleading in vacation to the adverse party, and until such notice is duly served such adverse party shall not be deemed to have notice thereof for the purpose of pleading.

Section 11360, General Code, provides as follows:

"At any time before the answer is filed, the plaintiff may amend his petition without leave or prejudice to the proceeding. Notice of such amendment shall be served upon the defendant, or his attorney. The defendant shall have the same time to answer or demur thereto as to the original petition."

This section was formerly Section 5111 of the Revised Statutes and was before the Supreme Court of this state in the case of *Moorman* v. *Schmidt, et al.,* reported in 69 O. S., 328, the syllabus reading as follows:

"S. commenced an action in the Court of Common Pleas against J. R. and E. M. as partners, doing business under the firm name of Moorman Brothers, alleging as his cause of action that said firm is the owner of certain lands in Wyandot county, Ohio, describing them, and that he furnished the money with which to purchase said lands, with an agreement and understanding with the firm that he should have an equitable lien on said lands until the money so furnished should be refunded and fully paid to him; but the petition contains no allegation of a promise by either partner to refund or pay the plaintiff any part of said money, nor does it pray for a personal judgment against the firm or either of its members. The prayer is for the marshaling of liens and an order of sale. A summons for J. R. was issued and served upon him, fixing the twentieth day of April, 1901, as answer day, but which was not indorsed with any amount claimed to be due. On the six-

teenth day of April, 1901, without leave of court, and without notice to J. R., or his counsel, the plaintiff filed an amendment to his petition, stating the exact amount of money he furnished said firm for the purchase of the lands, and praying for a personal judgment against the partnership and each of its members. J. R. did not answer or demur, or in any manner enter his appearance in the action. On the third day of June, 1901, the court ordered a sale of the lands and also rendered a personal judgment against J. R. for the amount set out in the amendment to the petition. *Held*: That the amendment was not legally before the court as a part of the plaintiff's petition, and that the personal judgment against J. R. is erroneous."

Judge Price, in writing the opinion of the court in this case, at page 337, after quoting the statute in question, says:

"No notice of the amendment was served upon the plaintiff in error, or his counsel, nor did he at any time, answer or demur, or in any manner appear in the case. No summons issued on the amendment. It never was legally before the court, because it did not become a legitimate pleading. The plaintiff was not entitled to any relief upon it, and its prayer should have been disregarded. It should have been stricken from the files."

While in this case the amendment increased the claim of the plaintiff against the defendant, the court held that the provisions of the statute with reference to notice had not been complied with, and it would therefore appear to this court that it makes no difference whether the claim is increased or diminished, to be effective the amended pleading must be filed according to the statute. An examination of the record in this case shows that there was no service of notice of such amendment upon the defendant, or his attorney. No testimony was submitted to this court that any such notice was served upon the defendant, or its attorney.

The court therefore finds that the plaintiff in the original action having failed to comply with the provisions of Section 11360, General Code, in attempting to amend his petition, the amended petition is not before the court. The defendant having filed his bond in the sum of $500.00, according to law, and in accordance with the statutes in such cases made and provided, and having complied with the re-

quirements of the statutes regulating the removal of causes to the Federal Court, this court will accept and approve the bond and accept the petition, and it is ordered that this cause be removed for trial to the District Court of the United States for the Southern District of Ohio, pursuant to the statutes of the United States, and all other proceedings of this court in this cause are hereby stayed.