31 F.Supp. 983 (1940)
GIBBS
v.
EMERSON ELECTRIC MFG. CO. et al.
No. 263.
District Court, W. D. Missouri, W. D.
February 2, 1940.
Walter A. Leimer, of Kansas City, Mo., for plaintiff.
Alfred R. Fuchs, of Kansas City, Mo., for defendants.
REEVES, District Judge.
On September 18, 1939, a ruling was made on similar motions in this case. D.C., 29 F.Supp. 810. Reference is made to that memorandum for facts. Each of the motions was sustained at that time.
Following such rulings the plaintiff has amended his complaint. By such amendment the plaintiff says among other things: "That since the filing of the within suit, he is now the owner of the remaining one-half interest in the said letters patent by virtue of an assignment bearing date of October 20, 1939, executed by Eugene B. Berkowitz, a copy of which is attached hereto, and that plaintiff is the owner of said letters patent, and the owner of the entire title in and to the said letters patent, including all the antecedent rights to recover for past infringement thereon."
In the former memorandum opinion it was held that a tenant in common of a patent right could not sue for an infringement independently of his co-tenant, nor was it permissible to make his co-tenant an adverse party.
The ruling was not made upon the theory that no cause of action existed, but that the *984 plaintiff was without capacity to maintain the suit and therefore without remedy.
A motion to dismiss has again been filed upon the theory that the plaintiff would not be able to change his capacity so as to permit him to continue this suit. The rule is that a party may by amendment change his character and capacity. Previously, the plaintiff, being a tenant in common, could not sue. But now, by amendment, he appears as the sole owner. The rule is aptly stated in 47 Corpus Juris p. 243, Section 471, as follows: "Where a new cause of action is not introduced, it is as a rule permissible to change by amendment the character and capacity in which a party sues, but such amendment cannot be made where it would result in the introduction of a new cause of action."
The plaintiff specifically avers that in acquiring by assignment the interest of his co-tenant he acquired the right to maintain suit for alleged past infringement.
It is the object of the new Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to permit amendments freely with the thought of making expeditious disposition of causes.
The motion to dismiss the amended petition will be denied.
The motion to quash service, however, should be again sustained. There is nothing in the record to indicate that a different status exists or has been created from that existing at the time the motion to quash service on the Emerson Electric Manufacturing Company was sustained. Under all of the authorities, and upon the facts as they appear, indisputably in this case, the latter company did not infringe the patent of the plaintiff in this district, nor does it maintain an office in this district.
Counsel for plaintiff, having appropriate allegations in his amended bill to the effect that the Emerson Electric Manufacturing Company both maintained an office within the district and also that it infringed within the district, insists that under the new Rules of Civil Procedure the question of venue is so closely interwoven with the merits of the case as to compel said defendant to preserve the point in its answer.
It is provided in subdivision (b) of Rule 12 that: "Every defense, in law or fact, * * * shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * * (3) improper venue, * * *."
By paragraph (d) of said rule, it is provided that: "The defenses specifically enumerated (1)-(6) in subdivision (b) of this rule, whether made in a pleading or by motion * * * shall be heard and determined before trial on application of any party, unless the court orders that the hearing and determination thereof be deferred until the trial."
If the defendant, the Emerson Electric Manufacturing Company, had answered, although a measure of protection is extended under the new rule, yet, nevertheless it became liable to waive jurisdiction over it.
The evidence upon the motion to quash shows conclusively that it did not maintain an office within the district, and neither had it infringed plaintiff's patent within the district.
Under such circumstances Section 109, Title 28 U.S.C.A., would have specific application. This section particularly limits venue in patent cases. In such cases jurisdiction shall be exercised "in the district of which the defendant is an inhabitant, or in any district in which the defendant * * * shall have committed acts of infringement and have a regular and established place of business."
Upon the evidence in the case it is proper again to sustain the motion to quash service as to the said Emerson Electric Manufacturing Company, notwithstanding the new rule which permits service of a summons anywhere within the state.
The motion to quash will be sustained and it is so ordered.