JOHNSON v. WALSH.

No. 514.

District Court, W. D. Missouri, S. W. D.

April 17, 1946.

Wayne V. Slankard, of Neosho, Mo., for plaintiff.

Spencer & McPherson, of Joplin, Mo., for defendant.

RIDGE, District Judge.

This removal proceedings presents the construction of certain provisions of the new Civil Code of the State of Missouri, Chap. 5A, Mo.R.S.A., Laws 1943, p. 353 et seq.

On January 2, 1946 plaintiff instituted in the State Court an action for personal injuries demanding damages in the sum of $5,000. February 5, following, before any responsive pleading was required to be filed to the petition of plaintiff, counsel for defendant notified plaintiff's counsel, by telephone, that application for removal of this cause, to the Federal Court, would be filed and it was thereupon agreed that said application would be presented at the afternoon session of the State Court on that day. That afternoon defendant's counsel appeared at the office of plaintiff's counsel and was advised that subsequent to the telephone conversation, above referred to, plaintiff had amended his petition, by leave of Court, by interlineation, reducing the amount of damages demanded to $2,975. Thereafter, on the same day, the application and petition for removal was presented to the State Court and on a hearing thereof an order of removal was entered. No notice of the intention to ask leave of Court to amend plaintiff's petition by interlineation was given defendant. Service of copy of an amended petition was however made on defendant's counsel at the time the application and petition for removal was presented to the State Court.

The proposition for determination is whether, under the new Civil Code of Missouri, the amendment of the petition, so made by plaintiff, was effective so as to reduce the amount in controversy below the requisite jurisdiction of this Court before the filing of the application and petition for removal in the State Court.

Sec. 847.5 of the new Civil Code of Missouri, Mo.R.S.A., provides for the service of pleadings and other papers. Subdivision (a) thereof, in part, is as follows: "(a) Every pleading subsequent to the original petition, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, * * * and similar paper which by statute, court rule or order is required to be served, shall be served upon each of the parties affected thereby," etc.

Subdivision (d) of said section provides: "(d) All papers after the petition re-

quired to be served upon a party shall be filed with the court either before service or within five days thereafter."

Sec. 847.60 (a) of said Code is as follows: "An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought."

Sec. 847.81 provides: "A party may amend his pleading as a matter of course at any time before a responsive pleading is filed and served, or, if the pleading is one to which no responsive pleading is required and the action has not been placed upon the trial calendar, he may so amend it at any time within 30 days after it is filed. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders."

The foregoing sections of the new Civil Code of Missouri have not, as yet, received construction by the State Courts of Missouri, in any recorded decision. Defendant contends that, under the above sections of the Missouri Code, the amendment of the petition so made by plaintiff was ineffective because no proper service of a copy of the amended petition was served upon defendant in compliance with Sec. 847.5, supra. In support of such contention defendant relies upon the case of Peterson v. Chicago M. & St. P. R. Co., C.C., 108 F. 561, in which case this District Court construed Secs. 661 and 638 of the Revised Statutes of Missouri, 1899, Mo. R.S.A. §§ 975, 963, which law remained in effect until the enactment of the new Civil Code, by the Legislature of Missouri, in 1943. Defendant asserts that the provisions of the present Civil Code of Missouri, which provide for the amendment of pleadings and service thereof, are substantially the same as contained in the previous Code of Civil Procedure of said State. In this we cannot concur.

In the Peterson case the Court held that an amendment to a petition made in vacation, *without leave of Court,* before the return day of the summons, reducing the amount prayed for from $10,000 to $2,000 was ineffective to prevent the removal of the cause on a petition filed by defendant on the return day. One of the provisions of the Civil Code of Missouri there considered provided: "A petition or answer may be amended by the proper party, of course, * * * at any time before the answer or reply thereto shall be filed."

But another section required: "The party filing any replication, answer or amended or supplemental pleading, in vacation, shall give written notice of the time of filing the same to the adverse party, or his attorney; and until such notice is duly served, such adverse party shall not be deemed to have had notice thereof, for the purpose of pleading."

The decision of this District Court, in the Peterson case, supra, construing the above provisions of the previous Civil Code of Missouri, is no authority for a construction of the new Civil Code of said state. The provisions contained in said codes relating to the service of pleadings, after the original petition, are at variance; and, the mandate of the Legislature of Missouri, that the new Civil Code of said state be liberally construed is antithetical to the strict construction given to the previous Code of Missouri, in the Peterson case.

Section 847.81 of Mo.R.S.A. permitting a party to amend his pleading as a matter of course at any time before the responsive pleading is filed and served, is similar to Rule 15(a), Federal Rules of Civil Procedure, 28 U.S.C.A., following Section 723c. The only difference between that portion of said rules, here considered, is that the Missouri Code permits an amendment as a matter of course before the responsive pleading is "filed and served." The Federal rule only permits such an amendment before *service* of the responsive pleading. Under Rule 15 of Federal Rules of Civil Procedure, supra, amendments to pleadings are more liberally allowed than before. Gallahar v. George A. Rheman Co., D.C., 50 F.Supp. 655. The object of said rule is to permit amendments freely with the thought of making disposition of causes expeditious. Gibbs v. Emerson Electric Mfg. Co., D.C., 31 F. Supp. 983. Under Subdivision (a) of said rule, where the responsive pleading has not been filed, plaintiff's application, for leave to file an amended complaint, is allowed

as of course, and defendant then files specific motions or exceptions to it. Simmons Co. v. Cantor, D.C., 3 F.R.D. 197. The new Civil Code of Missouri was patterned after the Federal Rules of Civil Procedure. The construction given to the latter should be persuasive in construing the former. The purpose, in enacting the new Civil Code of Missouri, was the same as that which caused the enactment of the Federal Rules of Civil Procedure, namely, "to secure the just, speedy, and inexpensive determination of every action." The goal sought to be attained, in each, was a simplified practice which stripped procedure of unnecessary forms, technicalities and distinctions, and, to permit the advancement of a cause to a decision on its merits, with a minimum of procedural encumbrances. Where a statute or rule provides that a pleading may be amended as of course, it may be so amended without application to the Court, or permission therefrom, upon compliance with the conditions, if any, imposed by statute or rule of Court. Jones v. McGonigle, 327 Mo. 457, 37 S.W.2d 892, 74 A.L.R. 550. The right to amend, as of course, is distinct from the right to amend by leave of Court. It is a right which is conferred upon the parties equally with that of pleading originally, and of which a party cannot be deprived by the Court. 41 Am.Jur., p. 489, § 289. In the circumstances under which the amendment of the original petition in this action was made by plaintiff, it was not necessary for plaintiff to obtain leave of the Missouri State Court to amend said petition. No responsive pleading had been "filed and served" at the time such amendment was made. Under Sec. 847.81, supra, plaintiff's right to amend said original petition could not have legally been prevented by any action of the State Court. Under such circumstances it was not necessary for plaintiff to file a written application in the State Court in the form of a motion, as provided by Sec. 847.60 of the Missouri Code seeking leave of Court to make said amendment.

█ Turning to Sec. 847.5 of the Missouri Code we find its counterpart in Rule 5 of the Federal Rules of Civil Procedure. Subsec. (a) of Sec. 847.5, supra, requires the service of the amended petition to be made upon defendant or his attorney of record. Under Subsec. (b) thereof, such service can be made upon an attorney of record. The time of serving said amended petition on the opposite party could be *either before,* or within five days after the amended petition was filed with the Court. See Subsec. (d) of Sec. 847.5, supra. Under the circumstances here involved the amended petition was served upon the attorney of record for defendant on the afternoon of the day that the amendment was made. At the time the amendment was actually made defendant had no attorney of record, but within five days thereafter, and before the time defendant was required to plead in said action, defendant did have, in this cause, an attorney of record. The appearance of said attorney was entered of record when he filed and presented to the State Court the application and petition for removal. The service of the amended petition upon the attorney of record for defendant, at the time of the hearing on the application and petition for removal of this cause, was a sufficient compliance with Sec. 847.5, supra.

█ The transcript of the record in the instant action reveals that the amendment to plaintiff's original petition was made prior to the time of the filing of the petition for removal of this cause, to this Court. At the time of the filing of said petition for removal the amount in controversy was $2,975. Said sum is not within the requisite jurisdictional amount required to be involved so as to give this Court jurisdiction of this action. The record in the State Court, at the time of the filing of the petition for removal, determines the right of removal. Colorado Life Co. v. Steele, 8 Cir., 95 F.2d 535; Anderson v. Western Union Telegraph, D.C., 218 F. 78. Plaintiff's motive in making the amendment to the original petition is immaterial. Chicago R. I. & P. R. Co. v. Dowell, 229 U.S. 102, 33 S.Ct. 684, 57 L. Ed. 1090.

In view of the foregoing, plaintiff's motion to remand is, by the Court, sustained and this cause is remanded to the State Court from whence it came.